1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   ROBERT HERRERA,                          CASE NO.    1:12-CV-00982-MJS (PC)

11                                            ORDER DISMISSING COMPLAINT WITH
                                              LEAVE TO AMEND
12                    Plaintiff,

13                                            (ECF NO. 1)

14        v.                                  AMENDED COMPLAINT DUE WITHIN
     NAREDDY, et al.,                         THIRTY (30) DAYS
15

16                    Defendants.

17   _____/

18

19

20                          **FIRST SCREENING ORDER**

21   **I.     PROCEDURAL HISTORY**

22        Plaintiff Roberto Herrera is a state prisoner proceeding pro se in this civil rights

23   action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

24        Plaintiff's Complaint is now before the Court for screening.

25   ///////

26

27

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.     SUMMARY OF COMPLAINT

Plaintiff names as Defendants (1) Nareddy, (2) Sosioda, (3) Carana, and (4) Teresa Macias. (Id. at 2.) Defendants Nareddy, Sosioda, and Carana are medical doctors on staff at Corcoran State Prison (CSP).  Plaintiff alleges they have refused to treat Plaintiff's severe leg and back pain with effective medication and have denied his requests for an MRI. (Compl. at 2-4.) Plaintiff's related prison appeals have been improperly processed. (Id.) He sent one of these appeals to Defendant Warden Macias, who took no action.  (Id.)

-2-

1

2      Plaintiff seeks injunctive relief in the form of effective drug therapy, an MRI, and

3   monetary compensation. (Id. at 5.)

4   **IV.   ANALYSIS**

5

6      **A.   Pleading Requirements Generally**

7      To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

8   a right secured by the Constitution or laws of the United States was violated and (2) that

9   the alleged violation was committed by a person acting under the color of state law. See

10  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

11  (9th Cir. 1987).

12     A complaint must contain "a short and plain statement of the claim showing that the

13  pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not

14

15  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

16  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,

17  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must

18  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on

19

20  its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

21  committed misconduct and, while factual allegations are accepted as true, legal

22  conclusions are not. Id. at 1949–50.

23     **B.   Inadequate Medical Care**

24

25     Plaintiff claims that he received inadequate medical care in violation of the Eighth

26  Amendment.

27     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

-3-

1 inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

2 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The

3 two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious

4 medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

5 further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

6 defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096

7 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference

8 is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical

9 need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974

10 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff

11 must allege sufficient facts to support a claim that the named defendants "[knew] of and

12 disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S.

13 825, 837 (1994).

14        In applying this standard, the Ninth Circuit has held that before it can be said that

15 a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

16 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

17 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

18 (citing Estelle, 429 U.S. at 105–06).

19        A difference of opinion between medical professionals concerning the appropriate

20 course of treatment generally does not amount to deliberate indifference to serious medical

21 needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d

22 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and

23 prison medical authorities regarding treatment does not give rise to a [§] 1983 claim."

-4-

Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, - - - F.3d - - -, 2012 WL 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, - - - F.3d. - - -, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's allegation of ongoing severe pain due to pre-existing leg and back injuries, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim.[1]

However, Plaintiff has not alleged facts sufficient to claim deliberate indifference to his serious medical needs. Nothing before the Court suggests any Defendant knowingly disregarded an excessive risk of harm and acted in a medically unacceptable manner. Rather it appears Plaintiff has had ongoing access to Defendant medical staff and received treatment for his complaints, but disagrees with the treatment chosen..

Plaintiff's allegation of continuing pain is of concern, but the Court is not in a position

---

[1] "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 947 F.2d at 1059–60.

to substitute its judgment for that of prison medical staff. An inmate's mere disagreement with a medically acceptable treatment plan is not a basis for claiming deliberate indifference. The allegation that Defendants doctors told Plaintiff nothing was wrong with him suggests at most inactionable negligence, not deliberate indifference.

Plaintiff fails to state a claim for inadequate medical care. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth true facts (not merely suspicion or surmise) plausibly claiming, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant.

### C.    Inmate Appeals

Plaintiff alleges that Defendants failed to process and respond properly to his inmate appeals.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff fails to state a plausible claim in this regard. Amendment of this claim would be futile, leave to amend will not be granted.

-6-

## V.    **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed June 19, 2012.

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff shall file an amended complaint within thirty (30) days from service of this order.

If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   June 29, 2012          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

-8-