1

2

3

4

5

6     IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    ROBERTO HERRERA,                        CASE No. 1:12-cv-00982-AWI-MJS (PC)

10
                     Plaintiff,              ORDER DENYING MOTION FOR
11                                           APPOINTMENT OF COUNSEL
     vs.
12
                                             (ECF No. 13)
13   NAREDDY, et al.,

14
                     Defendants.
15
     _____/
16
          Plaintiff Roberto Herrera is a state prisoner proceeding pro se in this civil rights
17
     action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On July 2, 2012, his
18
     Complaint was dismissed for failure to state a claim with leave to amend. (Order
19
     Dismiss. Compl., ECF No. 4.). On August 10, 2012, he filed a First Amended Complaint
20
     (First Am. Compl., ECF No. 14), which has not yet been screened by the Court. Also on
21
     August 10, 2012, he filed a motion for appointment counsel (Mot. for Counsel, ECF No.
22
     13), which is now before the Court.
23
          Plaintiff does not have a constitutional right to appointed counsel in this action,
24
     Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other
25
     grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an
26
     attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United
27
     States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
28

1   However, in certain exceptional circumstances the Court may request the voluntary

2   assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

3        Without a reasonable method of securing and compensating counsel, the Court

4   will seek volunteer counsel only in the most serious and exceptional cases. In

5   determining whether "exceptional circumstances exist, the district court must evaluate

6   both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

7   his claims *pro se* in light of the complexity of the legal issues involved." Id.

8        In the present case, the Court does not find the required exceptional

9   circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that

10  he has made serious allegations which, if proved, would entitle him to relief, his case is

11  not exceptional. This Court is faced with similar cases almost daily. Further, at this early

12  stage in the proceedings, the Court can not make a determination that Plaintiff is likely

13  to succeed on the merits, and based on a review of the record in this case, the Court

14  does not find that Plaintiff can not adequately articulate his claims. Id.

15       For the foregoing reasons, Plaintiff's Motion to Appoint Counsel (ECF No. 13) is

16  HEREBY DENIED, without prejudice.

17

18

19  IT IS SO ORDERED.

20  Dated:    August 14, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28