UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>               Plaintiff,<br><br>   v.<br><br>NAREDDY, et al.,<br><br>               Defendants.<br>_____/ | CASE NO.   1:12-cv-00982-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM SUBJECT TO 28 U.S.C. § 1915(g)<br><br>(ECF No. 14)<br><br>FOURTEEN (14) DAY DEADLINE |

**I.     PROCEDURAL HISTORY**

Plaintiff Roberto Herrera is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) He has declined Magistrate Judge jurisdiction. (Decline of Jurisdiction, ECF No. 5.)

Plaintiff's Complaint was dismissed for failure to state a claim, with leave to amend. (Order Dismiss. Compl., ECF No. 4.) Plaintiff filed a First Amended Complaint on August 10, 2012. (First. Am. Compl., ECF No. 14). It is now before the Court for

-1-

screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

According to Plaintiff's First Amended Complaint:

Defendants Nareddy, Sosoida, and Carana, medical doctors on staff at Corcoran State Prison (CSP), have refused to treat Plaintiff's severe leg and back pain with effective medication, each ordering the same ineffective medications and each claiming

there is nothing wrong with Plaintiff. (First Am. Compl. at 3-4.) Defendant Nareddy referred him to physical therapy, but his pain has prevented him from cooperating with the therapist. (Id. at 5.) Defendant Carana took his crutches because, he said, the physical therapist had advised that Plaintiff did not need them. (Id. at 6.) His related prison appeals have been improperly processed and denied. (Id. at 4-5.) He wrote to the prison Health Care Warden, Ms. Macias, but she took no action. (Id. at 6-7.)

Plaintiff names as Defendants (1) Nareddy, (2) Sosioda, (3) Carana, and (4) Teresa Macias. (Id. at 2-3.)

Plaintiff seeks monetary compensation, a declaration his federal rights have been violated, and emergency injunctive relief ordering CSP health care staff to provide him with adequate pain treatment.[1] (Id. at 3.)

## IV.  ANALYSIS

### A.  Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

---

[1] Plaintiff filed a motion for emergency injunctive relief (Motion Injunc. Relief, ECF No. 12) concurrently with the First Amended Complaint, repeating allegations and seeking the same injunctive relief sought in the First Amended Complaint.

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.     Inadequate Medical Care

Plaintiff repeats allegations in his original Complaint, that Defendant MD's have each recommended the same treatment and medication for his severe leg and back pain notwithstanding knowledge it has not helped, and that Defendant Warden Macias was advised of this and she has not intervened to help him, such that each Defendant has been deliberately indifferent to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett,

439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, - - - F.3d - - -, 2012 WL 1889786 at *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, - - - F.3d. - - -, 2012 WL

1889774 at *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Here Plaintiff's allegation of ongoing severe pain due to pre-existing leg and back injuries, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim.[2]

However, Plaintiff again fails to allege facts sufficient to claim deliberate indifference to his serious medical needs under the above standard. Nothing before the Court suggests any Defendant knowingly disregarded his pain complaints or acted in a medically unacceptable manner. His allegations suggest ongoing access to Defendant medical staff, each of whom concurred in, and provided, a course of treatment. He alleges no facts suggesting disagreement among medical professionals as to the course of treatment or that his treatment otherwise was medically unacceptable. He simply alleges that he believes it to have been inadequate.

His reiterated allegation of continuing pain is disconcerting, but the Court is not in a position to substitute its judgment for that of prison medical staff. An inmate's mere disagreement with a medically acceptable treatment plan is not a basis for claiming deliberate indifference. The allegation that Defendants doctors told Plaintiff nothing was wrong with him suggests at most negligence, not deliberate indifference. Defendant doctors provided treatment that has not been described by the pleading to have been

---

[2] "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 947 F.2d at 1059–60.

medically unacceptable.

Plaintiff having previously been advised of the deficiencies in his claim and the requirements necessary to correct them, has failed to do so. It is reasonable to assume that is because they are not correctable. In any event, no useful purpose would be served in once again describing what is necessary and giving Plaintiff yet another opportunity. Further leave to amend would be futile and should be denied.

### C.     Inmate Appeals

Plaintiff again alleges Defendants failed to process and respond properly to his inmate appeals.

Defendants' actions in responding to Plaintiff's appeals alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff fails to state a plausible claim in this regard. Plaintiff was previously advised of the incurable deficiencies in this claim and denied leave to amend. (Order Dismiss. Compl. at 6.)

///////

### D. Injunctive Relief

Plaintiff seeks injunctive relief ordering CSP health care staff to provide him with adequate pain treatment.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. For the reasons above his First Amended Complaint fails to state any cognizable claim. Nothing in his pleading suggests real and immediate threat of injury. Plaintiff has access to and is receiving appropriate treatment and therapy for his medical needs. See City of Los Angeles v. Lyons, 461 U.S. 95-96 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Nothing before the Court suggests that the balancing of equities and public interest weighs in his favor.

Plaintiff's allegations do not support an entitlement to injunctive relief. Plaintiff having previously been advised of the deficiencies in his claims and the requirements to correct these deficiencies, has failed to do so. The Court sees no purposes to be served in providing yet another opportunity. Further leave to amend would be futile and should be denied.

## V.  CONCLUSIONS AND RECOMMENDATION

Plaintiff's First Amended Complaint fails to state any cognizable claim under 42 U.S.C. § 1983 and leave to amend would be futile.[3]   Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH PREJUDICE by the District Judge and that dismissal count as a strike under 28 U.S.C. § 1915(g) and that the Clerk thereupon terminate all pending motions, close the file and enter judgment in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections

////

////

---

[3] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where the court determines that "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995.)

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 31, 2012          /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE