UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | CASE No. 1:12-cv-00982-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING RECONSIDERATION OF ORDER DISMISSING ACTION WITH PREJUDICE AND JUDGMENT THEREON |
| v. | |
| NAREDDY, et al., | (ECF No. 33) |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff Roberto Herrera is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff declined Magistrate Judge jurisdiction. (Decline of Jurisdiction, ECF No. 5.)

Plaintiff's Complaint was dismissed, with leave to amend, for failure to state a claim. (Order Dismiss. Compl., ECF No. 4.) Plaintiff filed a First Amended Complaint on August 10, 2012. (First. Am. Compl., ECF No. 14). On August 31, 2012, the Court issued findings and recommendations for dismissal of the action with prejudice for failure to state a claim. (F&R re Dismiss., ECF No. 17.) On September 19, 2012, Plaintiff timely filed objections to the findings and recommendations. (Obj. to F&R, ECF

No. 19; Order Granting Ext. of Time for Obj., ECF No. 27.) The District Judge assigned to this case issued an order adopting the findings and recommendations and dismissing the action with prejudice on November 29, 2012 (Order Adopt F&R, ECF No. 31), and judgment was entered thereon. (J. Dismiss., ECF No. 32.)

Plaintiff filed, on December 6, 2012 a purported second motion opposing the Magistrate's recommendation to dismiss. (Sec. Obj. to F&R, ECF No. 33.) The Court construes this as a request for reconsideration of the November 29, 2012.[1]

## II.  LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

---

[1] Plaintiff has appealed the Court's November 29, 2013 Order Dismissing Action and Judgment thereon. (Notice of Appeal, ECF No. 34.) The appeal is held in abeyance of resolution of the instant request for relief. (Order of U.S.C.A., ECF No. 38.)

### III. ARGUMENT

Plaintiff argues he has made the same allegations of inadequate pain management as were made in Herrera v. Wheeler, a civil rights action pending in the Eastern District in which the Court found a cognizable Eighth Amendment medical indifference claim.[2] He argues that a California Department of Corrections and Rehabilitation pain management policy prevents him from receiving adequate pain medication. He argues that he is entitled to enjoin the pain management committee from implementing that policy. (Sec. Obj. to F&R at 1:21-2:9.)

### IV. ANALYSIS

Plaintiff's purported second motion opposing the Magistrate's recommendation to dismiss the action, construed as a request for reconsideration of the November 29, 2012 order, is without merit and shall be denied.

This action, originally filed on June 19, 2012, was dismissed following a second screening because Plaintiff failed to allege facts sufficient to claim that Defendants intentionally denied, delayed or interfered with treatment, or intentionally offered medically unacceptable treatment. (Order Adopt F&R at 2:18-20.) The Court previously determined that Plaintiff had ongoing access to Defendant medical staff, each of whom concurred in, and provided, a course of treatment; there was an absence of facts suggesting disagreement among medical professionals as to the proper course of treatment for Plaintiff; there were insufficient facts to suggest Plaintiff's treatment was otherwise medically unacceptable; and that any alleged mis-diagnosis suggested by Plaintiff was at most negligence and, as such, insufficient to support an Eighth Amendment violation. (Id. at 6:11-7:1.) The Court determined Plaintiff's requested injunctive relief to be similarly deficient. (Id. at 8:1-9:5.)

Plaintiff provides no basis for granting a motion for reconsideration. He cites to a screening order in Wheeler, an unrelated, still pending district court action against non-

---

[2] Plaintiff cites to Herrera v. Wheeler, E.D. Cal. Case No. 2:10- cv-01280-GEB-DAD.

party defendants, but provides no factual or legal basis for arguing error or newly discovered evidence in this action, and the Court is aware of none. There is nothing to suggest an identity of claims, a final judgment on the merits, and identity or privity between parties necessary for application of res judicata and collateral estoppel. Rest.2d Judgments § 17; see also Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir.2007); Headwaters, Inc., v. U.S. Forest Serv., 399 F.3d 1047, 1052, quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).

He argues for relief from a pain management policy imposed by a pain management committee. However, such policy and committee are neither mentioned in his First Amended Complaint nor before the Court in this action. He provides no other grounds for reconsideration.

## V.     CONCLUSIONS AND RECOMMENDATION

Plaintiff has not met the burden imposed upon a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. He has not shown clear error or other meritorious grounds for relief from the November 29, 2012 order adopting findings and recommendations and dismissing this action with prejudice and judgment thereon.

Accordingly, it is RECOMMENDED that Plaintiff's purported second motion opposing the Magistrate's recommendation to dismiss the action (Sec. Obj. to F&R, ECF No. 33), construed as a request for reconsideration of the November 29, 2012 order adopting findings and recommendations and dismissing the action with prejudice and judgment thereon, be DENIED by the District Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 21, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE